*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

FRANK JAMES NEAL,

        Defendant-Appellant.

UNPUBLISHED
October 22, 2020

No. 345748
Genesee Circuit Court
LC No. 16-039732-FC

ON RECONSIDERATION

Before: CAVANAGH, P.J., and BECKERING and GLEICHER, JJ.

Beckering, J. (*concurring*).

I concur in the outcome. After we issued our initial opinion in this matter, defendant filed a motion for reconsideration that very legitimately pointed out our need to address his sufficiency of the evidence argument, as it would be dispositive of whether a new trial is even required. Upon reviewing the entire trial transcript to ascertain whether sufficient evidence existed to sustain defendant's convictions, it led this Court to discover our initial errors with regard to whether prosecutorial misconduct existed. Having personally read the entire trial transcript, I agree that defendant's arguments on appeal lack merit, and his convictions should be affirmed. For what it's worth, I found that the most damning evidence in this case came from defendant's choice to take the stand. The prosecutor's impeachment of him was profoundly effective, as was her choice to use him to bring together all the pieces of the evidentiary puzzle, culled mostly from reticent witnesses bolstered by photographs of the crime scene and DNA evidence, and leading clearly to a conviction. Rather than revealing misconduct, it could actually be used as a model cross-examination. With one hitch.

Contrary to the majority opinion, I would conclude that the prosecutor stepped her toes up to the line when it came to cross-examining defendant regarding his prior arrests. I also do not believe that *People v Layher*, 464 Mich 756, 767; 631 NW2d 281 (2001) deserves heavy emphasis in this case. The prosecutor did not inquire about defendant's prior arrests in order to establish witness bias. Rather, this was a simple instance of impeachment by contradiction. Had defendant not proclaimed that he had never been in trouble before, any mention of his prior arrests would be

-1-

entirely improper to impugn his credibility.[1]  But he did.  By doing so, he opened the door, and the following exchange ensued during his cross-examination:

> *Q.* Sir, you stated you've never been in trouble before true?
>
> *A.* True.
>
> *Q.* You've been arrested on at least three occasions true?
>
> *A.* That was - - that was due to the fact of DV, which is a domestic violence. But so far as anything like this or drugs or anything like that, no.
>
> *Q.* You've been arrested at least twice for assaultive offenses, right?
>
> *A.* Assaulted offenses?  Would you - -
>
> *Q.* For assault.  You've been arrested for assault on at least two different occasions true?
>
> *A.* No.  I'm not sure if that was an assault because I never assaulted anyone.
>
> *Q.* Okay.  If your criminal history reflects you've been arrested at least twice for assaulting people would that just be incorrect?
>
> *A.* If you mean by domestic violence, yeah.  But so far as assault or me putting my hands on anyone, no.
>
> *Q.* You don't consider domestic violence putting your hands on someone?
>
> *A.* I didn't - - my - - I had a wife at the time, I was married and she - - she was um - - she was bipolar and schizophrenic, she used to call the police a lot on me for no apparent reason.  She'd end up getting drunk or anything like that and got mad because I won't give her my car keys or I wouldn't give her any money to get anymore - - anything to drink she would call the police on me.  And we had a daughter together so.
>
> *Q.* So it was someone else's fault, right?
>
> *A.* I wouldn't say it's someone else's fault, I'm just saying, you know, when - - it's just, you know the law so if a female called and say that a man is putting their hands on them, yeah.  She never came to court and she never testified or said that I did, so.  And I can tell you two occasions she actually came and talked to the

---

[1] See MRE 609, which limits inquiry into certain prior convictions for purposes of impeachment. Defendant had no convictions.  Delving into his prior arrests would not have been permitted other than if a *Layher* situation existed, which it didn't, or if defendant opened the door, which he did.

judge to try to get me out because of the simple fact she knew that she made false alleg - - you know, I'm sorry, but she made false statements against me.

Because defendant claimed never to have been in trouble before as an explanation for why he was scared and initially lied to police about which gun he fired, the prosecutor was entitled to raise the fact that defendant had, in fact, been arrested in the past, which necessarily exposed him to the police on a prior occasion. But the prosecutor placed her toes to the line by mentioning the number of times defendant had previously been arrested. It was arguably proper, to further discredit defendant's neophyte contention, but any further inquiry into the nature of those arrests would have been unnecessary and unduly prejudicial given our limitations into this line of inquiry set forth in MRE 609, where only certain convictions allow you to tread in this water for purposes of attacking a witness's credibility. But defendant once again opened the door when he volunteered the nature of his arrests and invited further inquiry based on his spin of what constituted assaultive conduct.

With the foregoing qualifiers, I agree that the prosecutor did not err when she impeached defendant based on his claim that he had never been in trouble before while explaining why he initially lied to police about which gun he fired. I also agree with the rest of the analysis set forth in the majority opinion.


/s/ Jane M. Beckering